UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.   4:25-CR-365 |
| | § | |
| JERRY JAMES SVATEK, JR., | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney

for the Southern District of Texas, and Jennifer K. Weinhold, Assistant United States Attorney,

and the defendant, Jerry James Svatek, Jr. ("Defendant"), and Defendant's counsel, Bryan Patrick

Owens, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they

have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Counts One and Two of the Indictment.   Count

One charges Defendant with Sexual Exploitation of Children, in violation of Title 18, United States

Code, Section 2251 (a) and (e).   Count Two charges Defendant with Possession of Child

Pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law

makes essential to the punishment either charged in the Indictment, or proved to a jury or proven

beyond a reasonable doubt.

### Punishment Range

2.   The statutory maximum penalty for each violation of Title 18, United States Code,

Section 2250 (a) and (e), is imprisonment of not less than 15 years nor more than 30 years and a

fine of not more than $250,000.   The statutory maximum penalty for each violation of Title 18,

United States Code, Sections 2252A(a)(5)(B) and (b)(2) is imprisonment of not more than 10 years and a fine of not more than $250,000.   With a conviction for Count One, there is mandatory restitution under Title 18, United States Code, Section 2259.   Additionally, with a conviction for Count Two, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim.   Further, under Counts One and Two, Defendant may receive a term of supervised release after imprisonment of at least five years to life.   *See* Title 18, United States Code, sections Section 3583(k).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k).   Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence.   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.    Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.    Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United

2

States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

5.   Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

(1)    $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2)    $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3)    $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least one of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United

3

States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

6.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.  Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal, Collateral Review, and Statute of Limitations

7.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed.  Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later

4

collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.    Defendant also agrees that should the conviction following Defendant's plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution.   It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

9.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court.   The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.    Defendant understands and agrees that each and all waivers contained in the agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

11.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts One and Two of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States promises not to supersede the current Indictment with charges for distribution and/or receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1).  The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law; and

(b)    If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding – Southern District of Texas Only

12.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

6

**United States' Non-Waiver of Appeal**

13.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

14.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or

7

all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16.    Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Two of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

Beginning in April of 2025, the Boone, North Carolina Police Department (BPD) conducted an undercover online investigation related to a group tilted "W I R E Cummunity" on

8

FetLife—a social networking platform designed for people interested in BDSM, fetishism, kink and other alternative sexual lifestyles. Through this investigation, an undercover BPD detective (hereafter "UC agent") saw that FetLife user "HtownPlaything" responded to one of the group invites with Wire username (*i.e.*, handle) "BadHoustonDad." Wire is a secure, end-to-end encrypted messaging application.

The UC agent reviewed "HtownPlaything"'s FetLife profile page and saw the user appeared to be located in Wharton, Texas. Under the "About" section was the following: "Naughty married man looking for very naughty fun, Telegram HtownPlaything, Wire. BadHoustonDad."

On or about May 12, 2025, at approximately 4:58 p.m. (EDT), the UC agent was added to TeleGuard group "kinky friends," and received a direct message invite from "BadHoustonDad" who was also a member of the "kinky friends" group. TeleGuard is a Switzerland-based encrypted communication application that provides users with end-to-end encryption, VoIP, and file transfer capabilities. During the conversation with the UC agent, "BadHoustonDad" sent several pictures of his almost four-year-old granddaughter in the bathtub with her vagina exposed to the camera. "BadHoustonDad" also told the UC agent during that online chat that he took videos of his four-year-old granddaughter naked. Specifically, he admitted on May 12, 2025 to the UC agent that he engaged in the following conduct with this same granddaughter:

| UC | Sorry, also at work, not meaning to ignore you. She's 5. How old is your granddaughter? |
|----|----|
| BadHoustonDad | About to be 4. They have such a beautiful pussy at that age. Their tiny hands and mouth on your cock. So beautiful. |
| UC | I love the smoothness. I agree, the size of the little hands on a big cock. |
| BadHoustonDad | A big cock on their little bald pussy |
| UC | I've not done anything with penetration. Too nervous to have a doctor involved or something. |

| BadHoustonDad | Same here but have rubbed my cock all over her pussy and covered it in cum. I have cum all over my granddaughter's face. She looks so beautiful covered in my cum. |
|---|---|
| UC | I've never cummed on her face. I bet that's beautiful. You don't worry about her telling? |
| BadHoustonDad | Haven't got to do it in a while since she started talking. But before that I would get her naked and lick her pussy and ass and rubb my cock all over her and put it in her mouth. Now I just help her take a bath and make sure I get to feel her pussy as I clean her. I do let her see my cock every chance I get so she will get curious and want to touch it. I want her to be a little slut so bad.<br><br>What about you? |
| UC | You aren't nervous about her parents?<br>I do oral on her and paint her with cum. |
| BadHoustonDad | I don't push it with her and just letting her get more and more curious about it. Hoping she will want to play with it and keep it a secret. |
| UC | How often do you get to play with her? |
| BadHoustonDad | I got to give her a bath a couple of weeks ago.<br>As I wash her I left my fingers slide her bald puffy slit |

On May 12, 2025, an HSI received subscriber information from FetLife for "HtownPlaything": email: badhoustondad@yahoo.com, verified on June 18, 2024, UTC, and self-identified Kik username of "matagordafun."

On or about May 14, 2025, agents received the following information from Yahoo, Inc. for subscriber information related to badhoustondad@yahoo.com:

- Other Identities: ienhzskhfwrp44i5nbacnl2ra2nj7lfd517bcdo, badhoustondad
- Account Status: active
- Registration IP address: 2600:387:fd:98::3
- Registration Date: 2024-06-07T 16:20:20.000Z
- Full Name: needs fun
- Recovery Phone: +19795331606, verified on 2024-06-07T 16:20:20Z

During a search of available law enforcement databases, agents discovered a National Center for Missing and Exploited Children (NCMEC) Cyber Tipline report had been submitted for Kik username "matagordafun" on or about October 11, 2024, and within the report was the

associated email address, matagordafun@gmail.com. Agents learned there were two separate Cyber Tipline reports that had been submitted for Kik username "badhoustondad" in June 2024 that contained images and videos of child pornography he had received from other users, and the email address associated with the account was badhoustondad@yahoo.com.

On or about May 14, 2025, agents received the following information from Yahoo, Inc. for subscriber information related to badhoustondad@yahoo.com:

- Other Identities: ienhzskhfwrp44i5nbacnl2ra2nj7lfd517bcdo, badhoustondad
- Account Status: active
- Registration IP address: 2600:387:fd:98::3
- Registration Date: 2024-06-07T 16:20:20.000Z
- Full Name: needs fun
- Recovery Phone: +19795331606, verified on 2024-06-07T 16:20:20Z

On or about May 14, 2025, agents received information from AT&T Mobility regarding wireless number 979-533-1606 and subscriber information related to IP Address(es) (1) 2600:387:f:a8:0:0:0:8 on June 20, 2024, at 12:36:35 UTC; (2) 2600:387:f:9b::3 on May 9, 2025, at 12:20:05 UTC; (3) 2600:387:f:a8::8 on May 2, 2025 at 18:51:55 UTC; and (4) 2600:387:f:91::6 on April 25, 2025, at 23:29:30 UTC:

- Financial Liable Party/Billing Party Name: Energy Transfer Partners Midstream FN
- Credit Address: 1300 Main Street, Houston, Texas 77002
- Contact Information: Alex Aguilar, Alex.Aguilar@ENERGYTRANSFER.COM, (713) 989-7276 (work number)

**USER INFORMATION**:

- Name; Jerry J. SVATEK
- User Address: 1300 Main Street, Houston, Texas 77002
- Service Start Date: 10/14/2010
- MSISON: (979) 533-1606
- MSISON Active:   01/17/2022-Current

On May 14, 2025, a search of open-source databases for "Jerry Svatek" showed an address at 1782 Burning Stone Drive, Boling, Texas 77420.   A search of publicly available information showed Defendant was the President of the Boling Independent School District Board of Trustees, with an associated cellphone number of (979) 533-1606, and an email address of Jerry.Svatek@energytransfer.com.

A search of the Wharton County Appraisal District for 1782 Burning Stone Drive, Boling, Texas revealed its owners were Jerry J. Svatek and Kimberly Svatek.   On May 21, 2025, HSI Houston Special Agents surveilled 1782 Burning Stone Drive, Boling, Texas and saw Defendant leave his residence in a 2016 Ford F150, bearing Texas License Plate number JRZ0698, and travel to Energy Transfer Wharton Office located at 1333 E. Boling Highway, Wharton, Texas 77488. Defendant accessed the secured parking lot of the business, exited his vehicle, and entered the main building.

On June 4, 2025, Telegram provided the following information related to Telegram user "HtownPlaything": User #5522181093 @HtownPlaything : +19795331606 [Htown Plaything], last login: IP 166.205.54.21, 3 Jun 2025 16:13:06 UTC.

On June 17, 2025, agents executed a federal search warrant of Defendant's person, which included seizing an iPhone 12, bearing serial number DX3J41100DXW and IMEI number 353726511999529, which was in Defendant's custody and control on that date.   A forensic examination of this device was subsequently conducted by Homeland Security Investigations Computer Forensic Analyst (CFA) Prentice Lucas who discovered more than 100 videos of child pornography in his recently deleted photo album.

SA Gill reviewed the thumbnails of the videos found by CFA Lucas while on scene at Defendant's residence.    Based on her training and experience, she described three videos found in the following way:

(1) IMG_9204.mp4 is more specifically described as an approximately 58 second video that depicts a Caucasian infant victim approximately 3 to 6 months of age, the infant victim is wearing a white shirt while lying on an adult male's upper leg.    The adult male is manually manipulating the infants head up and down while his erect penis is in the infant victim's mouth.

(2) IMG_8932.mp4 is more specifically described as an approximately 48 second video that depicts a prepubescent Caucasian female victim approximately 6 to 9 years of age, lying on her back appearing to be asleep, she is wearing a pink top or gown pushed above her waist. An adult Caucasian male pulls her yellow underwear down, rubs her vagina with his hand, and licks her vagina.

(3) IMG_9134.mp4 is more specifically described as an approximately 27 second video that depicts an adult Caucasian male seated while his erect penis is penetrating the anus of a fully nude prepubescent Caucasian male approximately 10 to 12 years of age who is facing away from the adult male.

Additionally, agents found at least 50 videos on Defendant's iPhone 12 which depicted children engaged in sexually explicit conduct, including oral, anal and vaginal penetration, and bondage of toddlers and infants.    Many of these children have been identified by NCMEC.

Additionally, agents found at least four videos of Defendant's almost four-year-old granddaughter (MV-1) in the bathtub with her vagina and anus exposed to the camera.    Defendant used these videos to create the screen shots he sent the UC agent on May 12, 2025 using the moniker "BadHoustonDad" during their discussion about child pornogrpahy over TeleGuard. The videos of MV-1 are child pornography as defined in Title 18, United States Code, Section 2256.

The Defendant's cell phone was manufactured outside of the state of Texas. Consequently, the media at issue which was used to produce child pornography of MV-1 and to

possess the additional child pornography on Defendant's cell phone traveled in foreign or interstate commerce.   Further, the Defendant used the Internet which is a means and facility of interstate commerce to transmit and possess the child pornography which was found on the above referenced device.

The Defendant was arrested on June 17, 2025.   The Defendant was advised of his Miranda Rights which he acknowledged and then voluntarily and knowingly waived those rights and proceeded to make a statement.   He admitted that he used the email address matagordafun@yahoo.com for Wire, Telegram, and Kik.   He admitted that he used the username BadHoustonDad on Wire and on Telegram it was either BadHoustonDad or HtwonPlaything.   He also admitted that he accessed these social networking platforms predominantly while he was at work at Energy Transfer.   Defendant further admitted to creating the videos of MV-1 in the bathtub and then distributing the still images over these messaging platforms.   He further admitted he is the only user of the iPhone 12 that was seized on June 17, 2025.

After this interview, Defendant agreed to allow agents to search his residence.   Agents followed Defendant who drove his truck to 1782 Burning Stone Drive, Boling, Texas.   Once at the Defendant's residence, agents reaffirmed Defendant was giving his consent to search the residence.   During the search, agents viewed the guest bathroom where Defendant said he had taken the video of MV-1 and observed the tile, tub, and liquid soap to be similar to those in the images shared with the UC agent.

### Breach of Plea Agreement

17.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea

agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Monetary Penalties, Assets and Financial Disclosures

18.   Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to Defendant may be applied to federal debts.

19.   Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

20.   Defendant agrees to pay full restitution to the victims regardless of the counts of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss in an amount to be determined before sentencing. Defendant

understands and agrees that the Court will determine the amount of restitution to fully compensate the victims pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Forfeiture

21.    As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document, and to forfeit or abandon any assets seized during this investigation or a related investigation including but not limited to the following specific asset(s):

An Apple iPhone, bearing serial number DX3J41100DXW and IMEI 353726511999529

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property); and

(c) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Financial Statement

22.    Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change.

16

Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

23.    Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns.    Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Notification of the Sex Offender Registration and Notification Act

24.    Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:    where he resides; where he is an employee; and where he is a student.    The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.    Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.    Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

25.   This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

26.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_ , Texas, on _December 5_ , 2025.

_____
Jerry James Svatek, Jr.
Defendant

Subscribed and sworn to before me on _December 5_ , 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

18

Nicholas J. Ganjei
United States Attorney

By: _____        _____
Jennifer K. Weinhold                        Bryan Patrick Owens
Assistant United States Attorney            Attorney for Defendant
Southern District of Texas

19

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:25-CR-365 |
| | § | |
| JERRY JAMES SVATEK, JR., | § | |
| Defendant. | § | |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment.  I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Bryan Patrick Owens
Attorney for Defendant

12/5/25
_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines

20

Manual which may apply in my case.   I have read and carefully reviewed every part of this plea

agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____                    _____
Jerry James Svatek, Jr.                                           Date
Defendant